IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| D&M MILL WORK, INC., d/b/a ) | |
| NEW ENGLAND CLASSIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:08-0101 |
| ) | JUDGE TRAUGER /KNOWLES |
| ) | |
| ELITE TRIMWORKS CORPORATION, ) | |
| INC., and ELITE MOULDINGS, INC. ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon "Defendants' Motion for a More Definitive Statement Pursuant to Fed. R. Civ. P. 12(e)."[1] Docket No. 18. Defendants have filed a supporting Memorandum of Law (Docket No. 19), with a number of Exhibits, and the Declaration of Defendants' President (Docket No. 20). Plaintiff has filed a Response in Opposition to the Motion. Docket No. 23.

This is a patent infringement action that essentially alleges that Plaintiff is the owner of United States Letters Patent No. 6, 341, 461 (the "461 Patent"), which relates to a modular wall panel system. The Complaint avers that Defendants manufacture, market, offer for sale, sell and import into the United States products including modular wall panel systems. The Complaint

---

[1] As will be discussed in greater detail below, Rule 12(e) governs Motions for a more *definite* statement. The word "definitive" does not appear anywhere in Rule 12(e). While the words "definite" and "definitive" are not necessarily synonymous, the Court will treat the instant Motion as one for a more definite statement under Rule 12(e).

avers that at least some of Defendants' modular wall panel systems infringe the "461 Patent."

In the instant Motion, Defendants essentially argue that the Complaint is so impermissibly vague and ambiguous that Defendants cannot reasonably frame an answer. Defendants cite a number of cases from other jurisdictions for the proposition that, in patent infringement actions, courts consistently require Plaintiffs to identify with specificity the allegedly infringing products. None of the cases cited by Defendants, however, is controlling upon this Court, and all are decisions of other federal district courts.

Fed. R. Civ. P. 12(e), which does control the case at bar, provides in pertinent part as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

The Court has been unable to locate a Sixth Circuit case that discusses Rule 12(e) in detail. The Sixth Circuit has, however, stated as follows:

> The well-known pleading requirements of *Federal Rule of Civil Procedure 8* apply to this case. *Rule 8* requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* The district court dismissed [Plaintiff's] claims because he failed to state a claim on which relief can be granted.
>
> . . .
>
> As for [Plaintiff's] *First Amendment* claims for prospective relief, he has satisfied the requirements under *Rule 8(a)(2)* for a "short and plain statement." Although we require that plaintiffs "allege a factual predicate to support [their] claim[s]," . . . , the complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"

2

. . .

> More facts may be helpful, but more facts are not necessary in a plaintiff's original complaint. The Supreme Court has recently and unanimously held that defendants alleging violations under Title VII need not plead a prima facie case of discrimination. . . . The lack of a requirement that all necessary elements of a claim be pled extends to all pleadings governed by *Rule 8*, not only Title VII claims.

*Ruffin v. Nicely,* 2006 U.S. App. LEXIS 12392 at **11, 17-18, 21 (6th Cir.) (footnotes and citations omitted).

One noted authority has stated the following general propositions with regard to Rule 12(e):

> The motion for a more definite statement is not favored, because pleadings are to be construed liberally to do substantial justice. So, although they come within the court's discretion, courts grant the motions sparingly.
>
> Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than lack of detail. Courts frown on a litigant's use of the motion as a "shotgun tactic" to substitute for discovery, or a dilatory tactic to postpone filing an answer. In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information.
>
> . . .
>
> Pleadings must contain short and plain statements of jurisdiction, claims, relief requested, defenses, and denials. Technical forms of pleadings are not required, and the assertions must be simple, concise, and direct. Intended only to provide notice to the opposing party of claims and defenses, the rules call for general allegations in an initial pleading, rather than detailed fact pleading, except that the circumstances constituting fraud or mistake must be stated with particularity.
>
> If, despite those admonitions to plead clearly and concisely, a pleading "is so vague or ambiguous," that a party cannot

3

> reasonably frame a response, the party is entitled to a more definite statement under Rule 12(e).
>
> . . .
>
> Given the courts' reluctance to allow Rule 12(e) motions as a substitute for discovery, the motion is even less well received when the movant simply seeks particularization of facts already known to it. Thus, in determining whether to grant a motion for more a more definite statement, the court often considers whether the movant has knowledge of the information sought. . . . If the plaintiff has stated a claim for relief and the defendant seeks more detailed information particularly within its own knowledge, the court should not grant a motion for a more definite statement.

**Moore's Federal Practice 3d** § 12.36 [1], [2], [3], p. 12-94 through 12-97 (footnotes omitted).

Plaintiffs' Complaint in the case at bar is not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." The Complaint gives Defendants fair notice of what the Plaintiffs' claims are and the grounds upon which they rest.

Moreover, Fed. R. Civ. P. 1 provides in relevant part, "These rules govern procedure in *all civil actions* and proceedings in the United States district courts except as stated in Rule 81 [which is not applicable in the case at bar]." (Emphasis added.) Thus, the Federal Rules, including Rule 8, apply in patent infringement cases, and there are no special rules of pleading with regard to such cases.

Finally, the specifics Defendants desire can easily be obtained through discovery.

For the foregoing reasons, Defendants' "Motion For A More Definite Statement" (Docket No. 6) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

5