IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| D&M MILLWORK, INC., d/b/a<br>New England Classic,<br><br>    Plaintiff,<br><br>v.<br><br>ELITE TRIMWORKS CORPORATION, INC.,<br>and ELITE MOULDINGS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:08-0101<br>)  Judge Trauger<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM

Pending before the court are the plaintiff D&M Millwork's Motion for Voluntary Dismissal (Docket No. 37) and the defendants' (Elite Trimworks Corporation and Elite Mouldings) Motion for Leave to File Amended Answer and Counterclaims (Docket No. 43). For the reasons discussed herein, the plaintiff's Motion for Voluntary Dismissal [with prejudice] will be granted, and this case will be dismissed with prejudice. The defendants' Motion for Leave will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties in this litigation are involved in the business of manufacturing and selling "modular wood panel systems" such as might be used to adorn the walls of a room to improve the appearance of the room. (Docket No. 1 at 2.) According to the Complaint, on January 29, 1997, the plaintiff's predecessor-in-interest received a patent for a certain "Modular Wall Panel System," specifically, Patent No. 6,341,461 (the "461 Patent"). (*Id.*) The 461 Patent makes

1

twenty-seven claims, and, from the Patent, it can be generally seen that the Patent is supposed to embody a modular wall panel system that provides cheaper and easier "do it yourself" assembly than had been available previously. (*See* Docket No. 1 Ex. 1 at 13-14.)

In a single-count Complaint filed on October 24, 2008, the plaintiff claimed that the defendants' products infringed on the 461 Patent. Specifically, the plaintiff alleged that "Defendants' modular wall panel systems utilize Plaintiff's innovative interlocking pieces and techniques which are [the] subject of the invention of the 461 Patent." (Docket No. 1 at 2.)

Shortly after the plaintiff filed its Complaint, the defendants moved for a "more definite statement" under Fed. R. Civ. P. 12(e), claiming that the Complaint did not identify which of the defendants' products infringed on the 461 Patent or which of the 27 claims within that Patent were implicated. (*See* Docket Nos. 18-19.) The court referred the motion to Magistrate Judge Knowles, who denied it. (Docket Nos. 24-25.) Shortly thereafter, on January 5, 2009, the defendants filed their Answer, which, in addition to addressing the allegations in the Complaint, asserted three affirmative defenses, that is, "laches, waiver and estoppel," "unclean hands," and patent invalidity. (Docket No. 26 at 3.) On January 29, 2009, the Initial Case Management Order was entered, which stated that "[t]he parties shall file motions to amend on or before July 31, 2009." (Docket No. 33 at 2.)

Other than the entry of an agreed protective order, the docket in this case was silent for almost a year until, on December 23, 2009, the plaintiff filed the pending Motion for Voluntary Dismissal, which seeks dismissal *with* prejudice. (Docket No. 37 at 1.) In the motion, the plaintiff explained that its owner and operator, Michael Meador, had been diagnosed with

2

advanced stomach cancer in August 2009, and that he had succumb to the disease in October 2009. (*Id.*) In his will, Mr. Meador apparently bequeathed D&M Millwork to his mother, who is 85 years old and had no previous involvement with the company. (*Id.*) The plaintiff states that, in light of all of this, it "made the decision not to pursue the claims alleged in this action." (*Id.* at 2.) The plaintiff added that "minimal discovery" had been taken in this case and requested that "each party bear its own costs and attorneys' fees." (*Id.*)

For reasons discussed below, the defendants have objected to the plaintiff's attempt to end this litigation, and, on January 14, 2010, the defendants also filed the pending motion to amend their Answer to include certain counterclaims. (Docket No. 43.)

## ANALYSIS

**I.      Motion for Voluntary Dismissal With Prejudice**

Motions for voluntary dismissal are governed by Federal Rule of Civil Procedure 41. When, as in this case, an Answer has been filed and all parties do not consent to the dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. *If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss,* the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph [] is without prejudice.**"** Fed. R. Civ. P. 41(a)(2)(emphasis added).

For almost fifty years, the Sixth Circuit and district courts therein have interpreted the discretionary language in the Rule to apply only where the plaintiff has moved to dismiss the case

3

*without prejudice*. As discussed below, when the plaintiff has moved to dismiss the Complaint *with prejudice,* the district court must dismiss the Complaint. That is, where a plaintiff seeks to dismiss an action "without prejudice," the court has discretion in terms of how to proceed because the plaintiff could bring the same litigation again. However, because that concern is not present in a "with prejudice" dismissal, it is improper for the court to force the plaintiff to proceed with a litigation that it wishes to permanently abandon.

In *Smoot v. Fox*, 340 F.2d 301, 302-03 (6th Cir. 1964) the plaintiff moved for dismissal with prejudice in the district court, and the request was denied. The plaintiff then filed for a writ of mandamus with the Sixth Circuit, and that writ was granted. Interpreting the similar language of Rule 41 that was in place at the time, the court stated: "[t]his rule contemplates the dismissal by plaintiff of an action without prejudice and is clearly discretionary with the court. All of the cases cited by respondent, supporting the discretionary right of the court to dismiss cases on motion of the plaintiff, concern the dismissal without prejudice. . . . We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when . . . for any reason [he] wishes to dismiss his action with prejudice, [and] the client [is] agreeable." *Id.* Recognizing that a dismissal with prejudice "is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties," the Sixth Circuit concluded that there was no basis to refuse the plaintiff's request to end the litigation, and, therefore, "it was an abuse of discretion on the part of the [district court judge] to deny the plaintiff's motion for dismissal of the actions with prejudice to bringing new actions." *Id.* at 303.

The holding of *Smoot* has been consistently endorsed by the Sixth Circuit and applied by

4

the district courts therein since it was decided. *See Tenn. Health Care Association v. Tenn. Dept. of Health & Environment*, 1992 WL 36217, *2 (6th Cir. Feb. 26, 1992); *York v. Ferris State Univ.*, 36 F. Supp. 2d 976, 979 (W.D. Mich. 1998)("Under binding Sixth Circuit precedent, where a plaintiff moves to voluntarily dismiss his case with prejudice, a court has no discretion and must grant the motion."); *Montgomery v. Honda of Am.*, 47 Fed. Appx. 342, 348 (6th Cir. 2002)("if the plaintiff's dismissal of the defendant with prejudice was indeed voluntary, then the dismissal is final . . . and the case is over.")(internal quotation omitted); *U.S. v. Rogers*, 2003 WL 21212749, *1 (E.D. Tenn. April 3, 2003)("If a plaintiff moves under Rule 41(a)(2) to voluntarily dismiss its complaint with prejudice, the district court must grant the motion."); *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 851 (W.D Mich. 2007)("It generally is considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice."); *Lum v. Mercedes Benz, USA*, 246 F.R.D. 544, 545 (N.D. Ohio 2007)(same); *Warner v. DSM Pharma Chemicals, N.A.*, 2009 WL 1347162, *3 (W.D. Mich. May 13, 2009) (same).[1]

The parties did not discuss any of this case law in their briefing. The plaintiff's motion cites a twenty-year-old district court of New Jersey opinion for the proposition that "[a] motion for voluntary dismissal that is not opposed or not met with a relevant objection should generally

---

[1] In *Compuserve Inc. v. Saperstein*, 1999 WL 16481, *2 (6th Cir. Jan. 8, 1999)(unpublished) the Sixth Circuit, citing *Smoot*, upheld the district court's decision to grant the plaintiff's motion for voluntary dismissal with prejudice. In so doing, the court stated that "[t]here is no basis for an exception to the *Smoot* doctrine in this case. . . . Saperstein does not show substantial injustice . . . . " *Id.* In light of the unbroken string of cases cited above and the absence of a Sixth Circuit case that identifies clear circumstances under which the district court would have discretion to deny a Motion for Voluntary Dismissal with prejudice, the court concludes that *Compuserve* does not substantively change the *Smoot* doctrine.

5

be granted." (Docket No. 37 at 1)(citing *Genty v. Township of Gloucester*, 736 F. Supp. 1322, 1326 (D.N.J. 1990)).

In their response, the defendants launch into a lengthy discussion of the plaintiff's allegedly improper conduct and the weaknesses of the plaintiff's patent infringement claim. Specifically, the defendants allege that the plaintiff "utterly stalled discovery," only advanced this claim to gain a competitive advantage, and that the 461 Patent "covers technology at least several hundred years old and is manifestly invalid." (Docket No. 40 at 2-5.) Moreover, the defendants claim that, partially because the plaintiff was not forthcoming in discovery or in its Complaint, they spent "considerable time and effort" attempting to understand the basis of the plaintiff's claim. (*Id.* at 11-12.) The defendants go on to claim that "dismissal would leave the door open for future enforcement" of the 461 Patent because, the defendants speculate, Mr. Meador's mother will eventually sell the company and the buyer will be able to sue the defendants' customers for patent infringement which would "effectively force Defendants to cease its sales." (*Id.* at 6.)

Again, the defendants do not mention or attempt to distinguish the controlling case law discussed above.[2] Rather, the defendants claim that the court has ample discretion in terms of how to proceed but that "a court's discretion is not unfettered, however. Instead [Rule 41(a)(2)] requires a court to protect a defendant from unfair results of a dismissal." (*Id.* at 7.) As authority

---

[2]It is worth noting that, based upon the defendants' representation that this was an "unusual case where voluntary dismissal is opposed" and the defendants' claimed need for "additional time . . . in order to *fully brief*" the issues, the court granted the defendants an extension until January 16, 2010 (24 days after the plaintiff's motion was filed) to respond to the plaintiff's motion. (Docket Nos. 38-39.)(emphasis added)

6

for this and related propositions, the defendants rely exclusively on case law arising from situations in which a voluntary dismissal *without prejudice* was sought. (*Id.* citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 481 F.3d 926, 929 (6th Cir. 2007); *Rosenthal v. Bridgestone/Firestone, Inc.*, 2007 WL 507624, *4 (6th Cir. Feb. 16, 2007)).

The defendants go on to argue that, while the plaintiff's motion seeks dismissal with prejudice, "on plaintiff's proposed terms," the dismissal would be "with prejudice in name only." (Docket No. 38 at 8.) That is, in the dark future envisioned by the defendants, the following will happen: (1) Mr. Meador's mother will sell the company, (2) whoever buys the company will want to sue on the 461 Patent, despite the defendants' contention that the Patent is obviously invalid; and (3) unable to sue the defendants, this litigious and anti-competitive new owner will sue the defendants' customers who will then no longer buy the defendants' products and who will sue the defendants for indemnification. (*Id.* at 8-9.)

The plaintiff is waiving the white flag of surrender, and, even if the court had discretion in ruling on the plaintiff's motion, it would not be inclined to force the plaintiff to proceed with a patent infringement claim that it seeks to permanently abandon based upon pure speculation from the defendants. But, again, under settled Sixth Circuit precedent, the court has no discretion in this regard, and, therefore, the plaintiff's Motion for Voluntary Dismissal with prejudice will be granted.

## II.     Motion to Amend

The defendants' proposed Amended Answer and Counterclaims asserts two claims: (1) a

7

declaratory judgment action seeking a declaratory judgment of non-infringement and patent invalidity and (2) a claim under the Sherman Antitrust Act. (Docket No. 43 Ex. 1 at 4.) As the defendants argue, "[w]hile asserting patent rights does not ordinarily violate the Sherman Act, assertion of rights in a patent known to be invalid does violate the Sherman Act." (Docket No. 40 at 9)(citing *Unitherm Food Sys, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 394 (2006)(citing case syllabus); *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174 (1965)). The defendants claim that the plaintiff must have known that the technology at issue in the 461 Patent was "hundreds of years old" and, as this patent infringement claim was asserted in a "concentrated market," this case "presents a classic violation of the Sherman Act." (*Id.* at 9-11.)

In response, the plaintiff argues that the defendants' motion for leave should be denied as untimely. The plaintiff points out that the defendants' request for leave to amend comes more than a year after the initial Answer was filed and almost six months after the deadline to file motions to amend under the Scheduling Order. (Docket No. 45 at 1.) Further, from the defendants' arguments that the 461 Patent is clearly invalid, it is clear that "there is no reason why these counterclaims could not have been added earlier," and, therefore, the defendants' motion is simply an attempt to prolong this litigation, harass the plaintiff and take advantage of the plaintiff's weakened position.[3] (*Id.* at 3-4.) Moreover, the plaintiff implies that the Sherman

---

[3] It is also worth noting that the plaintiff, in this response, challenges many of the defendants' claims about how this litigation was conducted by the parties. For instance, the plaintiff argues that, while it produced more than 1,000 documents, it was the defendants who stalled discovery by not producing a single document in response to the plaintiff's requests. (*Id.* at 5-8.)

8

Act claim and the declaratory judgment action would be moot and impossible to pursue because the 461 Patent is no longer being asserted, the defendants would have no damages, and, also, because the mental understanding and intent evidence necessary to establish that the plaintiff knew that the 461 Patent was invalid (for use in the Sherman Act claim) would have died with Mr. Meador who, the plaintiff notes, was never deposed by the defendants. (*Id.* at 10.)

The defendants' Motion for Leave to Amend is governed by Fed. R. Civ. P 15(a)(2).[4] While, in this instance, that rule provides that the defendants must obtain leave of the court to amend their Answer to add the counterclaims, the rule also provides that leave should be "freely" given "when justice so requires." Fed. R. Civ. P 15(a)(2). The district court has ample discretion in regards to whether to grant a motion for leave to amend under Fed. R. Civ. 15(a)(2). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008)(district court denials of motions for leave are reviewed for abuse of discretion and "the right to amend is not absolute or automatic.") That is, where justice does not require the granting of leave to amend, "district courts can exercise their discretion to deny a motion for leave to amend based on" factors such as "undue delay, bad faith or dilatory motive, or futility of amendment." *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 729 (6th Cir. 2009)(internal quotation omitted).

Here, there is no indication that justice requires that the motion for leave to amend be granted or that justice would be served by doing so. First, the delay in filing the motion for leave

---

[4] In the 2009 Amendments to the Federal Rules of Civil Procedure, Fed R. Civ. P 13(f), which also concerned leave of court to add a counterclaim, was deleted as "largely redundant and potentially misleading." The rules now dictate that "an amendment to add a counterclaim will be governed by Rule 15." See Advisory Committee Note to 2010 Federal Civil Rules Handbook.

9

is both "undue" and curious. As the plaintiff points out, these counterclaims are based upon the premise that the 461 Patent is clearly invalid, and these invalidity arguments were certainly available to the defendants well before the time that they filed the motion for leave to amend, and it seems clear that the defendants, if they legitimately sought to assert these claims, could have done so by filing a motion for leave to amend within the time permitted by the scheduling order. Yet, it took until the plaintiff sought to permanently end the litigation between the two parties before the defendants filed their motion for leave. Clearly, the defendants' motion is not based upon any substantive development; rather, it is based upon a desire to keep this litigation going long after the plaintiff sought for it to end. All of this strongly favors the plaintiff's position that the defendants' motion should be denied as untimely.

Moreover, while the parties did not provide any case law on the subject and the court could not locate a wealth of law on the issue, at least one circuit court has found that, where the district court grants a motion for voluntary dismissal, that court acts within its discretion in denying a defendant's pending motion for leave to amend its Answer to add counterclaims. *See in re Solv-Ex Corp. Sec. Litig.*, 62 Fed. Appx. 396, 399 (2nd Cir. 2003)("in light of the dismissal of the complaint, the district court acted within its discretion in denying the motion to amend.").

Also, to allow the defendants to proceed with counterclaims that are only asserted in direct response to the plaintiff's Rule 41(a)(2) motion to dismiss with prejudice would be inconsistent with the unbroken string of Sixth Circuit case law discussed above. That is, this case law dictates that, if there are no pending counterclaims already on file, once the plaintiff moves to voluntarily and finally dismiss a defendant from a lawsuit with prejudice, the plaintiff is entitled to be

10

released from the case and "the case is over." *Montgomery*, 47 Fed. Appx. at 348. To allow the defendants to resuscitate this case with heretofore un-asserted counterclaims would run afoul of this edict of finality and would promote unending and unproductive litigation, something which is obviously inconsistent with the goals of modern jurisprudence. Therefore, the defendants' motion for leave to amend will be denied.[5]

## III. Costs and Fees

The defendants argue that, "if the court grants plaintiff's motion, it should do so on equitable terms." (Docket No. 40 at 12.) Specifically, the defendants request that, in granting the plaintiff's motion, the court should (1) declare the 461 Patent invalid and (2) award the defendants their "cost in defending this action." (*Id.* at 12-13.) As the court will prohibit the defendants from even asserting the declaratory judgment claim that would have, if successful, potentially resulted in the 461 Patent being declared invalid, the court, as "equitable" relief, is certainly not going to declare the 461 Patent invalid.

The "cost" issue raises a slightly more complex question. The plaintiff does not appear to challenge that traditional and well recognized "costs," such as "Court filing and service fee costs and the costs of stenographic services or the like" could potentially be recoverable, but, the

---

[5] The plaintiff contends that these counterclaims are compulsory under Fed. R. Civ. P. 13(a). (Docket No. 43 at 4.); *see also Kane v. Magna Mixer*, 71 F.3d 555, 561-63 (6th Cir. 1995). As can be seen from the *Kane* discussion, should the defendants attempt to subsequently assert these claims in a later proceeding, complicated issues of whether the defendants previously waived the right to assert the claims could very well arise. *Id.* The possibility that these claims could not be asserted again does not turn the analysis, however, in light of the fact that the defendants could have easily asserted these claims during the course of this litigation and the fact that the timing of the defendants' motion indicates that the claims are directed primarily at perpetuating the litigation and entangling the weakened plaintiff.

11

plaintiff claims, no such costs were incurred in this case. (Docket No. 45 at 11.) Under Fed. R. Civ. P 54(d)(1) and 28 U.S.C. § 1920, there are certain taxable costs such as "fees of the clerk and marshal" and "fees and disbursements for printing and witnesses" that, under the rules, "should be allowed to the prevailing party." The issue of whether the defendants would be the prevailing party in this case is somewhat complex and unsettled, and, given that the defendants have not specifically disputed the plaintiff's contention that no Rule 54(d)(1) costs were incurred or had the opportunity to file a Bill of Costs with the Clerk of Court, it is not necessary, at this time, to reach this issue.[6]

To the extent that the defendants seek attorneys' fees and related expenses for the time spent defending this case, there appears to be no basis for awarding those fees and expenses here. The defendants claim that courts "frequently" use their discretion to craft the "proper" "terms" of a Rule 41(a)(2) dismissal and, in so doing, award the "Defendants' costs." (Docket No. 40 at 12.) The defendants, again, neglect to mention that all of the cases that they cite in support of this

---

[6] Indeed, within the district courts in the Sixth Circuit, there is a split as to whether a defendant, by virtue of the plaintiff's Rule 41(a)(2) Motion for Voluntary Dismissal with prejudice, becomes a prevailing party for purposes of awarding costs under Fed. R. Civ. P. 54(d)(1). *See Rogers*, 2003 WL 21212749 at *4 (finding prevailing party status for the defendant); *Lum*, 246 F.R.D. at 545 (rejecting prevailing party status for the defendant). Even if the court were to find that the defendants were the "prevailing party," it would still be inclined to use its discretion to deny the award of any Rule 54/Section 1920 costs. The defendants have unnecessarily prolonged this litigation and needlessly consumed the court's and parties' time by challenging the plaintiff's attempt to permanently end this litigation and have done so in a particularly frustrating manner, by representing to the court that they would "fully brief" the relevant issues and then presenting case law that does not apply and not bringing readily available, applicable case law to the court's attention. *See in re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007)(noting the district court's discretion to deny costs under Rule 54(d)(1) to the prevailing party).

12

position explicitly and obviously concern situations in which the dismissal was "without prejudice." (*Id.*)(citing *Bridgeport Music, Inc. v. Universal-MCA Music Publishing*, 481 F.3d 926, 929 (6th Cir. 2007); *Bridgeport Music, Inc. v. Universal-MCA Music Publishing*, 583 F.3d 948, 954 (6th Cir. 2009)).

Indeed, where the plaintiff moves to dismiss the litigation with prejudice under Rule 41(a)(2), it is well settled that an award of attorneys' fees and related expenses is not appropriate, absent truly exceptional circumstances or except where independent statutory authority or an agreement between the parties provides support for such an award. *See Smoot v. Fox* ("*Smoot II*"), 353 F.2d 830, 832-33 (6th Cir. 1965); *Tenn Health Care Association*, 1992 WL 36217, *2 ("in a dismissal with prejudice the cause of action is terminated and the defendant will not have to defend again, so the Court [finds] no reason to award attorney's fees.") *York*, 36 F. Supp. 2d at 980; *Degussa*, 471 F. Supp. 2d at 853. Courts have noted that "exceptional circumstances" might arise if the plaintiff "repeatedly brings claims and then voluntarily dismisses them with prejudice, thus inflicting significant costs on the opposing party and the courts." *Dorsey v. Commonwealth Land Title Ins. Co.*, 2008 WL 5071894, *3 (N.D. Ohio Nov. 24, 2008)(quoting *Lum*, 246 F.R.D. at 546)). Plainly, no such exceptional circumstances warranting a deviation from the rule are found here; there is no indication that the plaintiff has used litigation as a tool of harassment, and, in light of the death of Mr. Meador, the plaintiff's desire to discontinue the litigation is perfectly reasonable.

While the defendants do not cite any independent statutory authority for the award of attorneys' fees and related expenses, 35 U.S.C. § 285 does permit the award of attorneys' fees in

13

patent cases to the "prevailing party" in "exceptional cases." Setting aside whether the defendants will be the "prevailing party," it is clear that, in order to find that the case is exceptional, the court must find by clear and convincing evidence that the party against whom fees are to be assessed litigated either "unfairly, vexatiously or in bad faith" to such an extent that the failure to award fees and expenses to the other party would constitute a "gross injustice." *See Aquatex Industries, Inc. v. Techniche Solutions*, 2006 WL 1006631, *9 (M.D. Tenn. April 13, 2006)(Echols, J)(collecting cases); *Nisus Corp. v. Perma-Chink Sys., Inc.*, 421 F. Supp. 2d 1084, 1108 (E.D. Tenn. 2006)("an award of attorneys' fees is intended to prevent gross injustice and requires an unambiguous showing of extraordinary misconduct, fraud, or lack of good faith.")

Clearly, to this point, there is no indication that the plaintiff's conduct even approached the level of conduct required to award attorneys' fees and related expenses in a patent case. While the defendants claim that the plaintiff's Complaint was without merit and that the plaintiff was not forthcoming in discovery, there is nothing to suggest that the plaintiff did not legitimately believe in the merits of the claim it was pursuing or that the plaintiff engaged in particularly vexatious discovery tactics. Obviously, both sides feel that the other was not as forthcoming with materials as it could have been, and both sides are obviously frustrated with the litigation tactics of the other. But, again, there is nothing to suggest that the plaintiff's conduct rose to the extreme levels required to award attorneys' fees and related expenses under Section 35 U.S.C. § 285.

14

## **CONCLUSION**

For the reasons expressed herein, the plaintiff's Motion for Voluntary Dismissal with prejudice will be granted, and the defendants' Motion for Leave to Amend will be denied. This case will be dismissed with prejudice.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

15